**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| JAMES E. ANDERSON, #283022, Petitioner, | ) | CIVIL ACTION NO. 0:07-607-CMC-BD |
| v. | ) | |
| TIM RILEY, Warden of Tyger River Correctional Institution, Respondent. | ) | **REPORT AND RECOMMENDATION** |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed on March 28, 2007.[1]

The Respondent filed a return and motion for summary judgment on August 16, 2007. As the Petitioner is proceeding pro se, a Roseboro order was filed on August 20, 2007, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. Despite this warning, however, Petitioner failed to respond to the Respondent's motion. In light of Petitioner's pro se status, the undersigned issued a failure to prosecute order on October 16, 2007 instructing Petitioner to notify the Court on or before October 26, 2007 if he wished to proceed with his Petition. Petitioner again filed no response.

On October 30, 2007, the undersigned enter a Report recommending that the Petition be dismissed. However, after the Report and Recommendation had been entered, the Clerk received

[1]Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).



a memorandum from the Petitioner in opposition to summary judgment. Since Petitioner had filed a memorandum indicating his intent to proceed with the action, the case was recommitted to the undersigned. See Order filed November 1, 2007. This matter is now before the Court for disposition.[2]

**Procedural History**

Petitioner was indicted in February 2002 in Spartanburg County for one count of Criminal Sexual Conduct with a Minor, First Degree [Indictment No. 02-GS-42-0001]. (R.pp. 94-95). Petitioner was represented by Brendan Delaney, Esquire, and pled "no contest" to the charge on March 28, 2002 pursuant to North Carolina v. Alford, 400 U.S. 25 (1970). (R.pp. 1-10). The plea provided for a negotiated sentence of seventeen (17) years confinement. (R.pp. 4, 9). Petitioner did not appeal his sentence and/or conviction.

On March 28, 2003[3], Petitioner filed an application for post-conviction relief ("APCR") in state circuit court. (R.pp. 11-14). Anderson v. State of South Carolina, No. 2003-CP-42-1319. Subsequently, Petitioner also filed two amended PCR petitions. Petitioner raised the following issues in his original PCR petitions and his two amended PCR petitions:

1. Ineffective Assistance of Counsel
    a. Counsel did not tell Petitioner he could file a direct appeal on a nolo contendere
    plea.
    b. Counsel did not tell applicant he had a ten day limit to file a direct appeal.
    c. Counsel was ineffective in failing to research illegal evidence.
    d. Counsel was ineffective in failing to research fully.

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]Although the PCR petition is stamped April 8, 2003, there is no dispute that it was filed on March 28, 2003.





e. Counsel did not effectively research many aspects of the case including interviewing witnesses or victim.

f. Counsel was ineffective in that he was inexperienced.

g. Petitioner asked to withdraw his guilty plea of nolo contendere.

h. Failure of counsel to produce or attempt to produce exculpatory evidence.

i. Violation of due process.

j. Failure of counsel to obtain evidence.

k. Failure to properly investigate other possible perpetrators.

l. Counsel's failure to be able to knowledgeably advise Petitioner.

m. Failure to properly advise Petitioner.

n. Failure of counsel to request competency evaluation of Petitioner.

o. Failure of counsel to object to swift trial date, with not enough time to prepare.

p. Failure to tell Petitioner of need for timely application of PCR and appeal.

q. Failure to advise Petitioner whether to go to trial or plead guilty.

r. Failure to advise Petitioner of sexually violent predator act.

s. Failure to advise Petitioner of community supervision.

2. Involuntary No-Contest Plea

a. Counsel did not file a motion to dismiss indictment on the basis of 'invalid evidence or statement of venereal warts were present as evidence of sexual abuse.

b. Plea deal given was not the same as offered.

c. Petitioner only pled because of mistakes made by trial/plea counsel.

d. Petitioner relied on counsel's knowledge of case in pleading guilty.

e. Petitioner relied on trial counsel's investigation of case in deciding to plead.

f. Petitioner relied on counsel's advice and statements in pleading guilty.

g. Plea was unknowingly and involuntarily entered into in violation of due process equal protection and double jeopardy. (sic)

h. Petitioner pled nolo contendere without knowledge of sexually violent predator act or community supervision.

3. Unconstitutional Sentence

a. Counsel prejudiced applicant by failing to research the law concerning conditions of my sentence.

b. The judge sentenced me to 17 years without parole which is in violation of S.C. Constitution Art. XXI, Section 2, which requires that the General Assembly provide for rehabilitation of prisoners, Article XXI, Section 2 has been part of the S.C. Constitution since 1972. Counsel should have been aware of it, conditions in prison now prevent rehabilitation in an manor with a 17 year sentence.





(R.pp. 11-14). See also Attachments 7 and 8 to Respondent's Memorandum in Support of Summary Judgment Motion.[4]

Petitioner was represented in his APCR by N. Douglas Brannon, Esquire, and an evidentiary hearing was held on Petitioner's application on April 8, 2005. (R.pp. 20-85). At his PCR hearing, the Petitioner only pursued the following issues:

1. Counsel failed to gather medical evidence.

2. Counsel failed to gather investigate allegations regarding others who may have abused the victim in Alaska, prior to her moving to South Carolina.

3. Counsel failed to request a competency hearing for the Petitioner.

4. Counsel failed to file a direct appeal after being asked to do so.[5]

5. Counsel failed to advise Petitioner about the Sexually Violent Predator (SVP) Act, and the potential for a civil commitment following the completion of his sentence.

(R.pp. 25-29).

All other grounds alleged in Petitioner's application were abandoned at the PCR hearing. (R.p. 92).

At the conclusion of the PCR hearing, the PCR judge orally denied all of the issues raised at the hearing, except for one. (R.pp. 80-83). The PCR judge asked the parties to brief the issue of whether counsel was required to advise Petitioner regarding the possible future imposition of the Sexually Violent Predator Act ("SVP") as a result of his plea.[6] (R.pp. 81-83). The PCR judge stated that all issues would be addressed in his final written order after he had sufficient time to

---

[4]Claims listed as summarized by Respondent in his brief.

[5]Although Respondent lists claim number 4 as having been raised by Petitioner, the PCR transcript does not appear to refer to this issue.

[6]The South Carolina Supreme Court decided this issue in the negative in Page v. State, 615 S.E.2d 740 (S.C. 2005), which was issued June 13, 2005, three days after the PCR judge's final written order.





consider the briefs of both parties. (R.p. 83). After submission of briefs by counsel on the issue requested at the PCR hearing, the PCR judge issued an order on June 10, 2005, denying Petitioner's petition and dismissing the petition with prejudice. (R.pp. 86-92).

Petitioner then filed a Petition for Writ of Certiorari. Petitioner was represented on appeal by Robert Pachak, Assistant Appellate Defender of the South Carolina Office of Appellate Defense, who filed a Johnson[7] petition raising the following issue:

> Whether petitioner's guilty plea complied with the mandates set forth in Boykin v. Alabama?

See Petition, p. 2.

Petitioner also filed a pro se brief raising several additional issues. See Pro se Brief dated March 7, 2007. On February 14, 2007, the South Carolina Supreme Court denied the petition. Anderson v. State, (S.C.Sup.Ct. filed February 14, 2007). The Remittitur was issued on March 2, 2007.

In his Petition for writ of habeas corpus filed in United States District Court, Petitioner raises the following grounds:

> **Ground One:** Evidence and witnesses should have been examined and admitted in the PCR hearing.
>
> **Ground Two:** Was not informed of possibility of civil commitment and how my plea of no contest increased possibility of civil commitment.
>
> **Ground Three:** Community Supervision (CS) is unconstitutional and I was not informed of possibility.
>
> **Ground Four**: State withheld prima facie evidence during discovery process and also from myself.

See Petition, pp. 6-11.

---

[7]Johnson v. State, 364 S.E.2d 201 (S.C. 1988). See also Anders v. California, 386 U.S. 738, 744 (1967).





## **Discussion**

Respondents have moved for summary judgment pursuant to Rule 12 (b) and Rule 56 (b), Fed.R.Civ.P., submitting that the entire petition is without merit. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7.

### **I.**

Respondents contend in their motion, inter alia, that the entire Petition is subject to dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies. As provided by statute, this limitation period runs from the latest of -

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).





Petitioner's state court convictions became final on April 7, 2002, ten (10) days after he was sentenced. Rule 203(b)(2), SCACR. Because Plaintiff did not file a direct appeal, the ninety (90) day period for seeking certiorari from the United States Supreme Court is not included. See e.g., Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) [direct review concludes at expiration of time for seeking certiorari from United States Supreme Court]; 28 U.S.C. § 1257 [United States Supreme Court can only review on certiorari the final judgments of "highest court of a state"]; U.S.Sup.Ct.R. 10(b) [certiorari considered where "state court of last resort" has decided important federal question]; U.S.Sup.Ct.R. 13 [time period for petition for writ of certiorari is 90 days from decision or judgment of state court of last resort]; Rule 203(b)(2), SCACR [10 day requirement for filing of Notice of Appeal from criminal conviction]. By the time Petitioner filed his APCR on March 28, 2003, three hundred and fifty-five (355) days had passed from when his convictions had become final. The period of limitations was thereafter tolled during the pendency of Petitioner's APCR, until March 2, 2007, when the Remittitur was sent after the South Carolina Supreme Court denied certiorari. See eg Ott v. Johnson, 192 F.3d 510 (5th Cir. 1999)[tolling does not include 90 days for United States Supreme Court certiorari petition from final denial by state's highest court of collateral action], cert. denied, 529 U.S. 1099 (2000); Harris v. Hutchinson, 209 F.3d 325 [running clock from when state appellate court denied leave to appeal denial of state post-conviction petition]; Mays v. Hickman, No. 98-56769, 2000 WL 538131 at *1 (9th Cir. May 3, 2000); Drafts v. Maynard, No. 02-120, 2002 WL 32710121 (D.S.C. Aug. 6, 2001), appeal dismissed, 2002 WL 31430540 (4th Cir. Oct. 31, 2002). By the time Petitioner then filed this action on March 28, 2007, twenty-six (26) days of additional non-tolled time had accrued since the final disposition of his APCR. When the pre- and post- PCR time periods are added, over one year of non-tolled time passed from when Petitioner's period of





limitations started to run on April 7, 2002, and the filing of this federal petition.

Petitioner argues that he sought federal habeas relief within twenty-four (24) hours of being notified that his PCR appeal had been denied by the South Carolina Supreme Court. However, the record reflects that, although Petitioner filed a notice of intent to file a habeas petition and an emergency petition for an extension of time on March 1, 2007, Petitioner did not file a habeas petition at that time. The undersigned entered an order denying Petitioner's request for an extension of time on March 5, 2007, citing Duncan v. Walker, 533 U.S. 167 (2001). In the interim, the Remittitur from the South Carolina Supreme Court was sent down on March 2, 2007. See Respondents' Attachment 13. That order also noted that the case was not in proper form and gave the Petitioner until March 28, 2007 to bring the case into "proper form". See Order, dated March 5, 2007.

When the motion to extend time was denied, Petitioner still had until March 12, 2007 to timely file his habeas petition. However, despite having been informed that the time for filing his Petition was not tolled and his extension was not granted, Petitioner did not file his habeas petition until March 28, 2007, after the expiration of the limitations period.

The Fourth Circuit has held that the federal one year statute of limitations can be subject to equitable tolling; see Rouse v. Lee, 314 F.3d 698, 704 (4th Cir. 2003)(citing Harris, 209 F.3d at 330); and Petitioner appears to argue that he is entitled to equitable relief since he filed a motion to extend time within the time period for filing a federal petition. However, the Fourth Circuit held in Harris that circumstances will rarely warrant equitable tolling, and that a Petitioner carries the burden of showing that he is entitled to equitable tolling. Harris, 209 F.3d at 330; see also Marengo v. Conway, 342 F.Supp.2d 222, 230 (S.D.N.Y. 2004); Miranda v. Castro, 292 F.3d 1063,





1066 (9th Cir. 2002). Equitable tolling applies only in the rare and exceptional circumstance, and is limited to "extraordinary circumstances" preventing a prisoner from filing a timely petition. Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000); Marengo, 342 F.Supp.2d at 230. Further, to obtain equitable tolling, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Marengo, 342 F.Supp.2d at 230 (quoting Warren, 219 F.3d at 113). Here, Petitioner has not argued, nor has he otherwise shown, any "extraordinary circumstances" prevented Petitioner from timely filing a Petition, or that he could not have filed a timely petition by March 12, 2007, after obtaining this Court's order on March 5, 2007 with the proper forms. Accordingly, it does not appear to the undersigned that Petitioner is entitled to any equitable relief. Rather, Petitioner simply failed to timely file this federal petition, and he is therefore barred from seeking federal habeas relief. Artuz v. Bennett, 531 U.S. 4 (2000) [while state collateral review tolls the one-year statute of limitations under § 2244(d)(A), it does not establish a right to file within one year after completion of collateral review]; Pearson v. North Carolina, 130 F.Supp.2d 742 (W.D.N.C. 2001); Calderon v. U.S. District Court of the Central District of California, 127 F.3d 782, 785-787 (9th Cir. 1997), cert. denied, 118 S.Ct. 1395 (1998), overruled on other grounds in later appeal, 163 F.3d 530 (9th Cir. 1998), cert. denied, 119 S.Ct. 1377 (1999).

Nevertheless, out of an abundance of caution and for the benefit of the Court, the undersigned has proceeded to address Petitioner's claims on the merits as set forth hereinbelow, and after careful consideration of the arguments and evidence presented, finds that even if the Court determines that equitable tolling is justified in this case, Petitioner's claims are without foundation, and that the Respondent is therefore still entitled to summary judgment.





**II.**

In Petitioner's late response in opposition to summary judgment, he lists seven issues for the Court's consideration. It appears that most of these issues relate to the four grounds set forth in his habeas petition, and the undersigned has addressed only those four grounds.

The undersigned has not addressed arguments that relate to issues not raised in Petitioner's habeas petition. Respondent had no notice of these additional issues and has not addressed them in his motion.

**III.**

In Ground One of his Petition, Petitioner raises issues regarding the admissibility of evidence at his PCR hearing. While Petitioner argues in his response memorandum that he is not complaining about the PCR proceeding, that is obviously not the case, as Ground One of the Petition states,

> **Ground One**: Evidence and witnesses should of been [sic] examined and admitted in the PCR hearing. This was also abuse of Discretion.
>
> Judge at the [sic] PCR hearing made a medical [sic] decision that medical evidence was not needed when [sic] Judge was not in the position to make judgment without first hearing evidence. Judge also failed to [sic] examine evidence on the grounds [sic] evidence could not be verified when chain of custody from state [sic] agency to different court to office of court in this state (S.C.) and evidence also contained state seal of Alaska, and evidence was produced by State of Alaska, All in agreement with evidence rule.

The Petitioner's complaints about alleged infirmities in his PCR proceedings do not state a basis for federal habeas relief. See Bryant v. Maryland, 848 F.2d 492, 494 (4th Cir. 1988)[claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas relief]; Wright v. Angelone, 151 F.3d 151 (4th Cir. 1998)[alleged defects in state post-conviction procedures are not cognizable in a federal habeas corpus action]. Furthermore, there is





no constitutional right to effective assistance of counsel in state post-conviction proceedings. See generally Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Coleman v. Thompson, 501 U.S. 722, 752 (1991). Respondents also correctly point out that any errors of PCR counsel in not raising an issue or not doing a sufficient investigation are insufficient to overcome a procedural default. Coleman, 501 U.S. at 752-753.

Accordingly, Petitioner has failed to present an issue in Ground One of his Petition which entitles him to habeas relief. This issue should be dismissed.

**IV.**

In Ground Two of his Petition, Petitioner contends that he was not informed of the possibility of being subject to a civil commitment following completion of his sentence, and how his plea of *no contest* increased the possibility of a civil commitment. Respondent argues that one of the specific issues raised in this federal petition, of “the increased possibility of civil commitment due to a no contest plea”, was not the issue raised at the PCR hearing. Rather, Petitioner only argued before the PCR court that his counsel should have informed him of the possibility of civil commitment under the SVP Act. Respondent argues that this claim in Petitioner’s federal petition is therefore procedurally defaulted, and cannot be considered by this Court. After reviewing the findings and ruling on this issue by the PCR judge as well as Petitioner’s pro se certiorari brief, the undersigned is constrained to agree that how specifically a “no contest” plea could effect the Petitioner under the SVP was not the issue ruled on by the state courts. See Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999), cert. denied, 528 U.S. 959 (1999)[”In order to avoid procedural default, the ‘substance’ of [the] claim must have been ‘fairly presented’ in state court. . . . That requires ‘the ground relied upon [to] be presented face-up and squarely. Oblique references which





hint that a theory may be lurking in the woodwork will not turn the trick."](quoting Townes v. Murray, 68 F.3d 840, 846 (4th Cir. 1995)(quoting Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994)).

Because the issue of the increased possibility of civil commitment due to a no contest plea is barred from further state collateral review; Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n. 3 (1971); Wicker v. State, 425 S.E.2d 25 (S.C. 1992); Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there is no current state remedy for Petitioner to pursue this claim, it is fully exhausted. Coleman, 501 U.S.at 735, n.1; Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at **1. Further, since this claim was not properly pursued by the Petitioner in his APCR, federal habeas review of this claim is now precluded absent a showing of cause and prejudice, or actual innocence. Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936





(1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.

Petitioner has not shown cause as to why this issue as presented here was not raised in his APCR. Therefore, since Petitioner has failed to present any cause, this claim is barred absent a showing of miscarriage of justice. Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court.". ], cert. denied, 498 U.S. 1035 (1991). Petitioner has failed to make a showing of a fundamental miscarriage of justice or actual innocence in his case. Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477 U.S. at 496); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla. 1995). Therefore, this claim for relief is procedurally barred from consideration by this Court, and should be dismissed.

However, with regard to the specific claim that Petitioner was not informed of the possibility of a civil commitment, this issue was raised in Petitioner's APCR, where Petitioner had the burden of proving the allegations in his petition. Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986). The PCR court rejected this claim, making relevant findings of fact





and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. See Anderson v. State of South Carolina, No. 2003-CP-42-1319. Specifically, the PCR judge found that advice about possible SVP civil implications is not required to be discussed with a defendant at the time that they are pleading guilty to a crime that might bring the Act into play. (R.p. 91).

Substantial deference is to be given to the state court's findings of fact. Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)). Nevertheless, since Petitioner's ineffective assistance of counsel claims were adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 120 S.Ct. 1495 (2000). Bell v. Jarvis, supra; see also





Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claim.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694. In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. In order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Mazzell, 88 F.3d at 269.

Petitioner has failed to meet his burden of showing that trial counsel was ineffective under this standard. Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]. Petitioner's trial counsel testified at the PCR hearing that he did not inform Petitioner about the possibility of civil





commitment pursuant to the SVP Act. (R.pp. 59-60). Petitioner contends that his counsel was ineffective in failing to inform him of the possibility that he could face a civil confinement. However, Petitioner was not denied effective assistance of counsel due to this failure, as Petitioner has not shown that his counsel had a duty to inform him of the possibility of civil commitment. Cuthrell v. Director Patuxent Institution, 475 F.2d 1364, 1365-1366 (4th Cir. 1973), cert. denied, 414 U.S. 1005 (1973); Page v. State, 615 S.E.2d 740 (S.C. 2005). Cf Jackson v. State, 562 S.E.2d 475, 475-476 (S.C. 2002)[finding that counsel is not required to inform a criminal defendant concerning collateral consequences such as parole eligibility or community supervision requirements]; see also George v. Black, 732 F.2d 108, 110-111 (8th Cir. 1984).

Therefore, Petitioner has not shown his counsel was deficient on this basis, nor has he shown the necessary prejudice. Strickland v. Washington, supra. Petitioner has also failed to show that the state court's rejection of this claim was unreasonable. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Williams v. Taylor, supra. Bell, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [Determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]. Petitioner's claim that his counsel was ineffective on this ground is without merit, and should be dismissed. Fisher, 215 F.3d at 446-447 [Court reviewed petitioner's ineffective assistance of counsel claims under the standards set forth in 28 U.S.C. § 2254(d)].

**V.**

In Ground Three of this Petition, Petitioner contends that Community Supervision





(CS) is unconstitutional and that he was not informed of the possibility he could receive this supervision. With regard to the issue of whether Community Supervision is unconstitutional, this issue was not raised in Petitioner's PCR and was not addressed by the PCR court. Therefore, the issue of whether Community Supervision is unconstitutional is barred from further state collateral review; Whiteley, 401 U.S. at 562 n. 3; Wicker v. State, supra; Ingram, 1998 WL 726757 at **1; Josey, 2001 WL 34085199 at * 2; Aice, 409 S.E.2d at 393; and as there is no current state remedy for Petitioner to pursue this claim, it is fully exhausted. Coleman, 501 U.S. at 735, n.1; Teague, 489 U.S. at 297-298; George, 100 F.3d at 363; Aice, 409 S.E.2d at 393; Matthews, 105 F.3d at 911; Ingram, 1998 WL 726757 at **1.

Since this claim was not properly pursued by the Petitioner in his APCR, federal habeas review of this claim is now precluded absent a showing of cause and prejudice, or actual innocence. Wainwright v. Sykes, supra; Waye, 884 F.2d at 766; Coleman, 501 U.S. at 750. Petitioner has not shown cause as to why this issue was not raised in his PCR, and this claim is therefore barred absent a showing of miscarriage of justice. Rodriguez, 906 F.2d at 1159 ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."]. Petitioner has failed to make a showing of a fundamental miscarriage of justice or actual innocence in his case. Wainwright v. Sykes, supra; Murray v. Carrier, supra; Rodriguez, 906 F.2d at 1159; Sawyer, 505 U.S. at 348; Bolender, 898 F.Supp. at 881. Therefore, the issue of whether Community Supervision is unconstitutional is procedurally barred from consideration by this Court, and should be dismissed.

With regard to the issue that Petitioner was not informed of the possibility of Community Supervision, Petitioner did not preserve this issue in his APCR. Although the





Respondents argue that it is barred because it was not addressed in the PCR court order, the undersigned does not find that it was even presented to the PCR court. The transcript reflects that when Petitioner's PCR counsel was arguing about the SVPA and discussing case law, he stated, "they're [referring to a case] talking about community – community supervision. But, in this case, we're talking about civil commitment." (R.p. 75). See Joseph v. Angelone, 184 F.3d at 328. Furthermore, Petitioner's counsel did not file a post-trial motion concerning this issue not being included in the order. Therefore, this issue is also precluded from this Court's review absent a showing of cause and prejudice and/or a fundamental miscarriage of justice. For the reasons set forth above, Petitioner has also not shown cause or a fundamental miscarriage of justice. See discussion, supra. Therefore, this issue should be dismissed.[8]

**VI.**

In Ground Four of his Petition, Petitioner contends that the State withheld prima facie evidence during the discovery process. Specifically, the Petitioner contends that,

> I was not given results from 2nd [sic] physical search under search warrant in hospital that found lack of evidence of [sic] veneral disease that State claimed I had as proof of guilt. I discovered at PCR hearing that State did not give this information to trial lawyer.

Although Petitioner argues that he raised this issue in his APCR, the record reflects that he did not do so. Therefore, this issue is barred from further state collateral review; Whiteley, 401 U.S. at 562 n. 3; Wicker v. State, supra; Ingram, 1998 WL 726757 at **1; Josey, 2001 WL

---

[8]Even if the merits of this issue were reached, Petitioner could not succeed. Petitioner's trial counsel was not ineffective for failing to advise Petitioner regarding participation in community supervision, because community supervision is a collateral consequence of sentencing. Jackson v. State, 562 S.E.2d at 475-476; see also Nabritt v. Eagleton, No. 05-2926, 2006 WL 1083567 at *10-11 (D.S.C. Apr. 18, 2006). Therefore, this issue is without merit and should be dismissed even if it is not procedurally defaulted.





34085199 at * 2; Aice, 409 S.E.2d at 393; and as there is no current state remedy for Petitioner to pursue this claim, it is fully exhausted. Coleman, 501 U.S. at 735, n.1; Teague, 489 U.S. at 297-298; George, 100 F.3d at 363; Aice, 409 S.E.2d at 393; Matthews, 105 F.3d at 911; Ingram, 1998 WL 726757 at **1.

Since this claim was not properly pursued by the Petitioner in his APCR, federal habeas review of this claim is now precluded absent a showing of cause and prejudice, or actual innocence. Wainwright v. Sykes, supra; Waye, 884 F.2d at 766; Coleman, 501 U.S. at 750. Petitioner has failed to show cause and prejudice, nor has he made a showing of a fundamental miscarriage of justice or actual innocence in his case. Rodriguez, 906 F.2d at 1159 [ "Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."]; Wainwright v. Sykes, supra; Murray v. Carrier, supra; Rodriguez, 906 F.2d at 1159; Sawyer, 505 U.S. at 348; Bolender, 898 F.Supp. at 881. Therefore, this issue for relief is procedurally barred from consideration by this Court, and should be dismissed.

**Conclusion**

Based on the foregoing, the undersigned has no choice but to recommend that the Respondents' motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina
January 23, 2008





**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



