IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| James E. Anderson, #283022, ) | C/A NO. 0:07-607-CMC |
| ) | |
| Petitioner, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Tim Riley, Warden of Tyger River ) | |
| Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation ("Report"). On January 24, 2008, the Magistrate Judge issued a Report recommending that the petition be dismissed as untimely or, in the alternative, that Respondent's motion for summary judgment be granted. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections to the Report on February 11, 2008.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusions of the Magistrate Judge that the petition is untimely. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Petitioner was convicted in state court, pursuant to an *Alford*[1] plea, on March 28, 2002. Pursuant to South Carolina Rule of Appellate Procedure 203, Petitioner had ten (10) days to file an appeal of his conviction. This he did not do. Therefore, his conviction became final on April 7, 2002.

Petitioner thereafter filed an application for Post-Conviction Relief (PCR) in the state court. Respondent initially sought dismissal of the PCR as being untimely filed, but later conceded that it had been timely received by the state court on March 28, 2003.[2] Petitioner's PCR remained pending until February 14, 2007, when the South Carolina Supreme Court denied Petitioner's petition for writ of certiorari. The remittitur was thereafter issued on March 2, 2007.[3]

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

[2] Petitioner argues in his Objections that the "prisoner mailbox rule" applies to the filing of his PCR, and that the date of its "filing" should therefore be deemed to have been March 24, 2003. However, the court has found no South Carolina statutory directive or case law which indicates that South Carolina has adopted the so-called "prisoner mailbox rule," articulated in *Houston v. Lack*, 487 U.S. 266 (1988). However, even if this court were to apply the "mailbox rule" to Petitioner's PCR to deem it filed as of March 24, 2003, Petitioner's habeas corpus petition would still be untimely filed in this court.

[3] The court believes that the statute of limitations period began to run again when the South Carolina Supreme Court entered its order on February 14, 2007, not when the record was returned to the state circuit court. *See White v. Klitzkie*, 281 F.3d 920, 924 n.4 (9th Cir. 2002) (finding that

On February 28, 2007, Petitioner filed a "Notice of Intent to File Habeas Corpus and Emergency Motion for Extension of Time" with this court. Dkt. # 1 (rec'd for filing Mar. 5, 2007; given to prison officials for mailing on Feb. 28, 2007). On March 5, 2007, the Magistrate Judge issued an order denying Petitioner's motion to extend the time for filing of the petition, but providing Petitioner the proper forms upon which to present his petition and ordering that if he wanted to pursue the filing of the petition, he should complete the forms and return them to the Clerk of Court for filing within twenty (20) days. Petitioner did so, and his "amended" petition was given to prison officials for mailing to this court on March 27, 2007.

Petitioner argues that his original motion was filed by the Clerk of Court as a petition for writ of habeas corpus, and that his petition, filed on March 27, 2007, was filed by the Clerk as an "amended" petition, and referred to as such by the Magistrate Judge. Petitioner argues that the Magistrate Judge's order, allowing him twenty days to send in his petition on a standard form, was an implicit extension of time in which to file his petition. This simply is not so. The Magistrate Judge specifically advised Petitioner on two separate occasions that the motion (no matter its label by the Clerk) filed on February 28 could not toll the time for filing a proper petition for writ of habeas corpus in federal court.

While the Magistrate Judge was correct that he could not extend the *statutory* period for the filing of a habeas petition, equitable tolling was still an argument available to Petitioner. The Fourth Circuit has held that the statutory deadline is a statute of limitation, not a jurisdictional bar, and

---

it is the decision of the state appellate court, rather than the ministerial act of entry of the mandate, that signals the conclusion of review for statute of limitations purposes). However, even given the benefit of calculating the time remaining for Petitioner to file his habeas corpus petition as running from March 3, 2007, Petitioner's application is still untimely.

therefore "is subject to equitable tolling, at least in principle." *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000). However, equitable tolling is "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*. at 330. Petitioner would be entitled to equitable tolling of the statute of limitations period if he "presents (1) extraordinary circumstances, (2) beyond [his] control or external to [his] own conduct, (3) that prevented [him] from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Equitable tolling is generally reserved for those instances where some wrongful conduct of the opposing party (in this case, the Respondent) prevented Petitioner from filing a petition, or extraordinary circumstances beyond Petitioner's control made it impossible to timely file the claim. *See Harris*, 209 F.3d at 330. The instant petition meets none of these requirements. Petitioner's strategic decision to delay as many days as he did before filing his state PCR was his own decision, not because of some extraordinary circumstance beyond his control. Additionally, Petitioner's argument that counsel's failure to provide him with the proper forms for filing a § 2254 petition is misplaced, as attorney error does not serve as a ground for equitable tolling. *See Rouse*, 339 F.3d at 248-51.

Even if the court were to find that equitable tolling applied to this petition and it was therefore timely filed, the court believes that the Magistrate Judge's analysis of the merits of the petition is correct. Therefore, for the reasons stated by the Magistrate Judge, which this court adopts, the court would grant Respondent's motion for summary judgment.

Respondent's motion for summary judgment is **granted** and this matter is dismissed as untimely filed.

4

**IT IS SO ORDERED.**

                                                s/ Cameron McGowan Currie
                                                CAMERON McGOWAN CURRIE
                                                UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 21, 2008

C:\Documents and Settings\abs99\Local Settings\Temp\notesE1EF34\~2835941.wpd